IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, BASKIN-ROBBINS FRANCHISED SHOPS, LLC, AND DB REAL ESTATE ASSETS I LLC, | ) ) ) ) | Civ. Action No. 07-0423 |
| Plaintiffs, | ) ) | Judge Conti |
| | ) | Magistrate Judge Lenihan |
| v. | ) ) | |
| NILESH MEHTA, | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Plaintiffs' Complaint was received by the Clerk of Court on March 30, 2007 and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation (Doc. No. 32) filed on July 27, 2007, recommended that the Plaintiffs' Motion for Preliminary Injunction (Doc. No. 4) be denied. Service was made on all counsel of record. The parties were informed that in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, that they had ten (10) days to file any objections.

On August 13, 2007, Plaintiffs filed Objections (Doc. No. 34) to the Magistrate Judge's Report and Recommendation and attached a Certification of Angela Almada (Doc. No. 35), a Collection Specialist of Dunkin' Brands, Inc. who was on maternity leave at the time of the May 16, 2007 evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction, and for whom

Plaintiffs had failed to submit testimony via Certification or otherwise.  The submission of this evidence on objections is inappropriate.  "[W]here issues or arguments are raised for the first time in objections, they are waived."  Buehl v. Beard, 2007 WL 1830616 *2 (W.D. Pa. June 25, 2007) (McVerry, J.) (citing Jimenez v. Barnhart, 46 Fed. Appx. 684, 684 (3d Cir. 2002)); Hubbard v. Pleasant Valley Sch. Dist., 2006 WL 42093 *3 (M.D. Pa. Jan. 6, 2006) (quoting Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)); see also Anna Ready Mix, Inc., v. N.E. Pierson Construction Co., Inc., 747 F. Supp. 1299, 1303 (S.D. Ill. 1990) (legislative history of 1976 amendments to United States Magistrate's Act, applicable precedent, and views of commentators, convinced court that arguments raised for first time in objections ought to be disregarded absent compelling reasons, and defendant presented no reason why argument could not have been presented before magistrate judge).

     Plaintiffs now request an evidentiary hearing and de novo determination pursuant to Rule 72.1.4(B) of the Local Rules for Magistrate Judges.  They indicate that "[t]he testimony of Defendant's wife regarding the alleged extension granted by Ms. Almada's [sic] was a surprise, and could not have been anticipated by the defense framed by the papers filed in advance of the hearing."  (Plaintiffs' Objections to Report and Recommendation, Doc. No. 34 at 2.)  Yet, a full two weeks before the evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction, Defendant filed a Memorandum of Law in Opposition to Plaintiffs' Motion for Preliminary Injunction discussing this defense and attaching the Declaration of Defendant's wife in support thereof.  In fact, in their Supplemental Proposed Findings of Fact and Conclusions of Law filed after the hearing, Plaintiffs unequivocally state that Ms. Almada "was not needed to be called by Dunkin' to support any element in Dunkin's case . . .."  (Doc. No. 31 at ¶ 107.)  The rationale underlying the rule for excluding evidence of new arguments on objections was clearly set forth

by the United States Court of Appeals for the First Circuit as follows:

> Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and – having received an unfavorable recommendation – shift gears before the district judge.

<u>Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988). The facts here fall squarely within this rationale.

After review of the pleadings and the documents in the case, together with the Report and Recommendation and the Objections thereto, and in reliance on the record before the Magistrate Judge at the preliminary injunction hearing, the following Order is entered:

**AND NOW**, this 11th day of September, 2007;

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Preliminary Injunction (Doc. No. 4) is denied without prejudice to Plaintiffs' right to move for reconsideration by the Magistrate Judge.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. No. 32) of Magistrate Judge Lenihan, dated July 27, 2007, is adopted as the Opinion of the Court.

/s/ Joy Flowers Conti  
Joy Flowers Conti  
United States District Judge

cc:   Lisa Pupo Lenihan  
      United States Magistrate Judge

      All Counsel of Record  
      via Electronic Filing